United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 02-10133
_____

CAMERON TODD WILLINGHAM

Petitioner - Appellant

v.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION

Respondent - Appellee

----------------------
Appeal from the United States District Court
for the Northern District of Texas
----------------------

**ON PETITION FOR REHEARING**

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Approximately one week after we denied Willingham's application for a certificate of appealability ("COA") to appeal the district court's denial of federal habeas relief, the Supreme Court rendered its decision in Miller-El v. Cockrell, 123 S.Ct. 1029 (2003). In Miller-El, the Supreme Court reiterated the standards for issuance of COAs that it had announced previously in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Slack v. McDaniel, 529 U.S. 473 (2000). Miller-El, 123 S. Ct. at 1039. The Supreme Court instructed, as it had previously held in Slack, that we should "limit [our] examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." Id. at 1034. The Court observed that "a COA ruling is not the occasion for a ruling on the merit of petitioner's claim...." Id. at 1036. Instead, the determination must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." Id. at 1039. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Id. We do not have jurisdiction to justify our denial of a COA based on an adjudication of the actual merits of the claims. Id. Accordingly, we cannot deny an "application for a COA merely because [we believe] the applicant will not demonstrate an entitlement to relief." Id. "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id.

We have reconsidered Willingham's COA application in the light of the Supreme Court's decision in Miller-El. Based on our overview of the claims and general assessment of their merits, we remain convinced that reasonable jurists would not find the district court's assessment of those claims debatable or wrong.

2

Accordingly, Willingham's petition for reconsideration, treated as a petition for rehearing, is DENIED.